UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MAURICE NEWMAN,

                 Plaintiff,           **REPORT & RECOMMENDATION**

    -against-

MOLLY PARK *et al.*,           **24-CV-6829 (JPC) (JW)**

                 Defendants.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge**

**to the Hon. JOHN P. CRONAN, United States District Judge:**

On September 4, 2024, *pro se* Plaintiff Maurice Newman ("Plaintiff") commenced this action against Defendants Molly Park, and Kirsis Ham. Dkt. No. 1. By order dated October 8, 2024, this Court added the City of New York as a Defendant in this matter (collectively with Defendants Park and Ham, the "Defendants"). Dkt. No. 9. Plaintiff's complaint asserts claims arising from alleged violations of the Fifth and Fourteenth Amendments under 42 U.S.C. § 1983. Now before this Court for a report and recommendation is a motion to dismiss from Defendants Park and the City of New York (the "City Defendants").[1] Dkt. Nos. 14–15.

## I.    BACKGROUND

The following facts are derived from *pro se* Plaintiff's complaint, his opposition to the motion to dismiss, and any documents attached to either of them. See Lynch

---

[1] Defendant Ham was served on April 17, 2025. Dkt. No. 49. Defendant Ham has not appeared in this matter and failed to answer the complaint by the May 8, 2025 deadline.

v. City of New York, 952 F.3d 67, 79 (2d Cir. 2020); see also Williams v. Correction Officer Priatno, 829 F.3d 118, 120 n.1 (2d Cir. 2016). For the purpose of analyzing City Defendants' motion, the Court accepts the factual allegations as true and draws all inferences in Plaintiff's favor. Livingston v. Mejia, No. 20-CV-2009 (JPC), 2022 WL 976808, at *2 (S.D.N.Y. Mar. 31, 2022) (citing Biro v. Condé Nast, 807 F.3d 541, 544 (2d Cir. 2015)).

Plaintiff is a recipient of public benefits from the New York City Human Resources Administration ("HRA"). See generally Dkt. No. 1. In connection with receiving HRA benefits, Plaintiff attended medical appointments conducted by WeCare professionals. Id.

On August 26, 2024, Plaintiff went to a WeCare assessment. Dkt. No. 1 at 7. During the WeCare appointment, Plaintiff "explicitly declined to participate in any evaluation or sign documents that would authorize any involvement beyond [his] medical providers' care." Dkt. No. 17 at 2; see also Dkt. No. 1 at 7. During a subsequent phone call, Plaintiff was informed that, despite his objections, a WeCare medical assessment was mandatory in order to receive HRA benifits. Dkt. No. 17 at 2; see also Dkt. No. 1 at 7. Consequently, a new WeCare appointment was scheduled for August 27, 2024. Dkt. No. 1 at 7.

On August 27, 2024, Plaintiff attended an appointment with WeCare supervisor Defendant Ham. Dkt. No. 1 at 7. While assessing Plaintiff, Defendant Ham reviewed limited medical documents regarding Plaintiff's health. Dkt. No. 1 at 7. Plaintiff also "pointed out" to Defendant Ham that "the results of [his] pulmonary

2

function test was dyspnea of restrictive lung disease." Dkt. No. 1 at 7–8, 11. After reviewing the records, Defendant Ham explained to Plaintiff that "dealing with restrictive lung disease was no different than asthma…." Id. Plaintiff states he "walked out of [the] assessment [] diagnosed with severe asthma and having the labor restrictions for someone who has severe COPD and not someone who has restricted lung disease with declining health from related issues." Id. at 8. Based on documentation attached to the complaint, Defendant Ham diagnosed Plaintiff as having, amongst other things, "other respiratory disorders" and asthma. Dkt. No. 1 at 30.

A document attached to the complaint titled "assessment outcome" provides that Defendant Ham's "functional capacity outcome" determined Plaintiff possessed the capacity to work reduced hours with the following accommodations:

> Sedentary work. Indoor job with good ventilation. Avoid dust, noxious fumes, chemicals, and extremes in temperature. Low stress environment. Back support in chairs/adjustable chairs. No unprotected heights. Avoid the use of motorized equipment.

Dkt. No. 1 at 31. Plaintiff states that because of Defendant Ham's assessment, he was "given a mandatory work program that was outside the scope of [his] physical capabilities and limitations," and his benefits will be taken away if he does not attend. Dkt. No. 1 at 9. Plaintiff seeks compensatory damages and injunctive relief in the form of an injunction preventing "WeCare and HRA from imposing mandatory assessments or decisions without proper consent" and a "review and reform of HRA's policies" to comply with constitutional protections and medical standards. Dkt. No. 17 at 4–5.

3

## II.   LEGAL STANDARD

### A.   Motion to Dismiss

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." Johnson v. Priceline.com, Inc., 711 F.3d 271, 275 (2d Cir. 2013) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). For a plaintiff "to nudge their claims across the line from conceivable to plausible, they must raise a reasonable expectation that discovery will reveal evidence of the wrongdoing alleged, even if it strikes a savvy judge that actual proof of those facts is improbable." Citizens United v. Schneiderman, 882 F.3d 374, 380 (2d Cir. 2018) (cleaned up).

"Although the Court must accept as true the factual allegations in the complaint and draw all inferences in the plaintiff's favor, it need not accept as true legal conclusions couched as factual allegations." Shih v. Broadway League, No. 23-CV-8035 (JPC) (RWL), 2024 WL 4719586, at *3 (S.D.N.Y. Nov. 8, 2024) (cleaned up) (internal quotation and citations omitted).

### B.   Pro Se Litigants

Courts "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam). "The policy of liberally construing pro se submissions is driven by the understanding that implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of

4

important rights because of their lack of legal training." Id. (quoting Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007)).

However, the liberal treatment of a *pro se* pleading "is not boundless" as it must still comply with the relevant rules of procedural and substantive law. Bocci v. Nationstar Mortg. LLC, No. 23-CV-1780 (JPC) (KHP), 2024 WL 4326932, at *4 (S.D.N.Y. Sept. 27, 2024) (citations omitted). Moreover, while courts are "obligated to draw the most favorable inferences that plaintiff's complaint supports, we cannot invent factual allegations that [a *pro se* plaintiff] has not pled." Costabile v. New York City Health & Hosps. Corp., 951 F.3d 77, 81 (2d Cir. 2020); Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

## III.    DISCUSSION

As a threshold matter, this Court first determines which documents should be relied on to decide the instant matter.

### A.    Documents Outside of the Complaint

After the City Defendants' motion to dismiss, Plaintiff has filed many additional papers in this matter. There are several instances where a Court can consider documents or facts outside of the four corners of the complaint. This Court now examines whether Plaintiff has properly presented new facts or arguments not contained in the complaint.

5

      i.      <u>Plaintiff's Opposition</u>

City Defendants assert a plaintiff may not amend their complaint by asserting new facts for the first time in opposition to a motion to dismiss. Dkt. No. 23. at 7–8 (citing <u>Levin v. Sarah Lawrence Coll.</u>, 747 F. Supp. 3d 645, 657 (S.D.N.Y. 2024)).

City Defendants' reliance on <u>Levin</u> is misplaced as that matter did not involve a *pro se* plaintiff. Contrary to City Defendants argument, when a plaintiff proceeds *pro se* a court may, in addition to the complaint, consider documents attached to the complaint, documents incorporated in the complaint by reference, and allegations asserted in the motion to dismiss. <u>Harris v. N.Y.C. Hum. Res. Admin.</u>, No. 20-CV-2011 (JPC), 2022 WL 3100663, at *1 n.1 (S.D.N.Y. Aug. 4, 2022). Therefore, this Court will consider allegations included for the first time in Plaintiff's opposition to the City Defendants' motion to dismiss.

      ii.      <u>Papers Filed Subsequent to Plaintiff's Opposition</u>

Three days after filing his opposition to the motion to dismiss, Plaintiff filed a request to "expound on the legal issue not contained in the original complaint." Dkt. No. 18. Plaintiff then filed a declaration providing "needed explanation of issues not contained within the original motion as [he] forgot about these documents and other legal issues that pertain to them." Dkt. No. 20.

City Defendants argue that the Court should not consider the supplemental declaration because it was not attached to Plaintiff's opposition to the motion to dismiss nor did the opposition mention submitting any documents in connection with it. Dkt. No. 23 at 7.

6

A court may consider a document outside the complaint if the complaint "relies heavily upon its terms and effect" rendering it "integral" to the complaint. DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (citing Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir.2006). A court may only do so if there is no dispute regarding the document's authenticity or accuracy, and there are no material disputes about the document's relevance. Id.

Here, Plaintiff did not attach the documents in question to the complaint or the opposition to the motion to dismiss. Instead, the declaration and accompanying documents were filed separately a few days after the opposition. See Dkt. No. 20. It is also unclear whether Plaintiff's complaint incorporates the documents by reference, except for exhibit D—which the Court will already consider—because it is a near identical copy of the allegations contained in the complaint. See Dkt. No. 20 at 12–13. It is also not the case that Plaintiff's complaint relies heavily on the terms and effect of the supplemental submissions to the Court.

Rule 15(d) also provides an avenue for courts to consider supplemental material. Per Rule 15(d), a court may grant leave to supplement a pleading to add information "that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15. This Court construes Plaintiff's request and filing "expound[ing] on the legal issues not contained within the original complaint" as a motion to supplement his complaint. See Dkt. No. 18. However, because Plaintiff attempts to supplement his complaint with information that was available to him at the time he filed the complaint, such supplement is not permitted under Rule 15(d).

7

For all the reasons stated above, this Court declines to consider the documents submitted after the opposition to the motion to dismiss. To the extent Plaintiff indeed sought leave to supplement under Rule 15(d), that request is **DENIED**. For the same reasons, Plaintiff's letter motion to this Court supplementing his opposition to the motion to dismiss will not be considered. See Dkt. No. 21. To the extent Plaintiff's brief at Dkt. No. 38 is indeed an impermissible sur-reply and not a discovery motion regarding medical releases, that document also will not be considered. See Dkt. No. 38.

### B. Due Process Claims

Liberally construed, Plaintiff's complaint and opposition to the motion to dismiss allege that his constitutional rights were violated by the City Defendants when they subjected him to an unauthorized medical examination without due process. See generally Dkt. Nos. 1, 17. Plaintiff's papers often do not include substantive or relevant responses to each of the City Defendants arguments. Accordingly, this Court's analysis does not always include his position.

i. Procedural Due Process

When assessing a procedural due process claim, a court's initial inquiry shall be whether the state has provided adequate remedies to redress the alleged violation. Rodriguez v. HASA HRA, No. 1:24-CV-6451 (LTS), 2025 WL 1122529, at *6 (S.D.N.Y. Apr. 14, 2025) (citing Vialez v. New York City Hous. Auth., 783 F. Supp. 109, 114 (S.D.N.Y. 1991)). If the state provided such adequate remedies and a plaintiff failed to use them to contest the state's actions, there will be no claim for a violation of

8

procedural due process under 42 U.S.C. § 1983. Id. "Access to an administrative fair hearing, under N.Y. Soc. Serv. Law § 22 and 18 N.Y.C.R.R. Ch. II, Subch. B, Art. 1, pt. 358, and further judicial review in the state courts, in a proceeding under N.Y.C.P.L.R. Art. 78, to challenge adverse determinations in connection with government entitlement programs, such as SNAP (food stamps), medical assistance, or cash assistance, satisfies procedural due process." Id. (collecting cases). Where a plaintiff fails to affirmatively allege exhaustion of the available remedies, such as pursing an administrative fair hearing, dismissal is required. Rodriguez, 2025 WL 1122529, at *7; Rodriguez v. N.Y. State Dep't of Parole, No. 19-CV-643 (JLC), 2019 WL 6973568, at *14 (S.D.N.Y. Dec. 20, 2019), report and recommendation adopted, No. 19-CV-643 (VEC), 2020 WL 257420 (S.D.N.Y. Jan. 17, 2020).

City Defendants assert that Plaintiff was given notice of two different appeal procedures and the complaint does not allege that he availed himself of either option. Dkt. No. 15 at 21–22. Moreover, City Defendants note that the notice informing Plaintiff of his administrative remedies is attached to the complaint and the attachment itself indicates that he did not select the box to request an administrative hearing. Id.; see also Dkt. No. 1 at 34.

None of the documents submitted by Plaintiff in connection with the complaint or the opposition to the motion to dismiss allege that Plaintiff contested the WeCare assessment outcome through administrative remedies provided by the state. In fact, as noted by the City Defendants, the notice attached to Plaintiff's complaint convincingly implies that he chose not to pursue the administrative remedies

9

available to him. Consequently, this Court recommends that City Defendants' motion to dismiss be **GRANTED**. See Rodriguez, No. 1:24-CV-6451 (LTS), 2025 WL 1122529, at *6–7. Because allegations that Plaintiff pursued an administrative fair hearing or other sufficient proceeding are required to state a procedural due process claim (see Rodriguez, 2025 WL 1122529, at *7; Rodriguez, 2019 WL 6973568, at *14), and Plaintiff failed to assert such allegations, this Court recommends that the procedural due process claim against Defendant Ham be **DISMISSED** *sua sponte*.

    ii.    Substantive Due Process

To the extent Plaintiff's papers can be liberally construed to assert a substantive due process claim, this Court separately analyses such claims against Defendant the City of New York and Defendant Park.

    *1.    Claims against the City of New York*

Plaintiff argues that the decision to mandate a work program "based on unauthorized and incorrect medical assessments violates [his] fundamental right to bodily autonomy as protected by the [Fourteenth] Amendment's substantive due process clause." Dkt. No. 17 at 3.

Defendant the City of New York argues that medical and work eligibility assessments are mandated by state law for all who seek public assistance. Dkt. No. 15 at 18–20. Defendant the City of New York also argues that "[n]o substantive due process claim exists, as the requirement of a medical assessment is 'self-evidently' constitutional in view of the state's interest in allocating public assistance." Id. at 19 (citing Sawma v. Perales, 895 F.2d 91 (2d Cir. 1990). Lastly, Defendant the City of

New York notes that the forms attached to the complaint show that Plaintiff attested to providing consent regarding multiple medical forms and the participation in WeCare appointments. Id. at 20 (citing Dkt. No. 1 at 18, 32).

To state a Section 1983 claim against the City of New York, a plaintiff must adequately plead "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Torraco v. Port Auth. of New York & New Jersey, 615 F.3d 129, 140 (2d Cir. 2010); Jones v. Town of E. Haven, 691 F.3d 72, 80 (2d Cir. 2012).

To begin, Plaintiff fails at step one because he does not allege a policy or practice but only that his medical assessment and the subsequent work determination violated his rights. See Rodriguez, 2025 WL 1122529, at *5 ("Plaintiff alleges no facts showing that a policy, custom, or practice of the City of New York contributed to a violation of his federal constitutional rights."). Plaintiff does allege that "this [is not] the first time HRA has cut [Plaintiff] off of everything," but that statement alone is far too vague. To the extent Plaintiff's claim can be construed to allege that the City of New York and HRA have a policy of mandating medical and work eligibility assessments, that claim fails to assert a constitutional violation. See Sawma, 895 F.2d 91, 93 (2d Cir. 1990) ("a requirement of a medical examination as a condition of receiving benefits is self-evidently constitutional in view of the state's legitimate interest in allocating public assistance resources."). Consequently, this Court recommends Defendant City of New York's motion to dismiss be **GRANTED** for failure to state a claim.

### 2.  *Allegations Concerning Defendant Park*

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendant['s] direct and personal involvement in the alleged constitutional deprivation." Burton v. City of New York, No. 21-CV-6928 (JPC), 2021 WL 4924026, at *1 (S.D.N.Y. Oct. 21, 2021) (citing Spavone v. N.Y. State Dep't of Corr. Serv., 719 F.3d 127, 135 (2d Cir. 2013). "A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights." Id. (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).  Here, as City Defendants argue, the complaint is void of any allegations concerning Defendant Park and Plaintiff's opposition makes a single allegation concerning her: that she is the commissioner of the HRA and therefore all actions, policies, and procedures are made under her leadership.  Dkt. No. 17 at 1.  Thus, this Court recommends that Defendant Park's motion to dismiss be **GRANTED** for failure to state a claim.

## IV.  LEAVE TO AMEND

Generally, "*pro se* litigants should be given leave to amend a complaint if a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir.2000) (citing Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir.1999)).  Moreover, "[w]ithout the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies." Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015).  Plaintiff has not previous amended his complaint nor done so with the benefit of a

judicial decision. Therefore, this Court recommends that Plaintiff be **GRANTED** leave to amend.

## V. RECOMMENDATION

Explained in more detail above, this Court recommends that City Defendants' motion to dismiss be **GRANTED**, any procedural due process claims against Defendant Ham be **DISMISSED** *sua sponte*, and Plaintiff be **GRANTED** leave to amend.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections shall be filed with the Clerk of Court and on ECF. Any requests for an extension of time for filing objections must be directed to Judge Cronan. Failure to file objections within fourteen days will result in a waiver of objections and will preclude appellate review. See Thomas v. Arn, 474 U.S. 140 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

SO ORDERED.

DATED:   New York, New York
         July 29, 2025

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge