UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X
                                  :

MAURICE NEWMAN,                       :

                        :

            Plaintiff,      :       24 Civ. 6829 (JPC) (JW)

                        :

      -v-                 :       <u>ORDER ADOPTING</u>

                        :       <u>REPORT AND</u>

MOLLY PARK *et al.*,            :       <u>RECOMMENDATION</u>

                        :

           Defendants.     :

                        :
------------------------------------------------------------------------- X

JOHN P. CRONAN, United States District Judge:

      Plaintiff Maurice Newman brings this *pro se* action alleging that Molly Park, Commissioner of the New York City Department of Social Services and its Human Resources Administration; the City of New York; and Kirsis Ham violated his procedural and substantive due process rights under the Fourteenth Amendment. Dkts. 1, 9. On July 29, 2025, the Honorable Jennifer E. Willis, to whom this case has been referred for general supervision of pretrial proceedings and to issue recommendations on any dispositive motions, issued a Report and Recommendation, recommending that the undersigned (1) grant Park's and the City's motion to dismiss Plaintiff's procedural and substantive due process claims, Dkt. 14, (2) dismiss the procedural due process claim against Ham *sua sponte*,[1] and (3) grant leave to amend. Dkt. 59.

      A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ.

---

[1] Ham was served on April 17, 2025, but has not appeared and has not answered the complaint by the May 8, 2025, deadline. *See* Dkt. 49.

P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, the Court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. Dkt. 59 at 13. No objections have been filed and the time for making any objections has passed. The parties have therefore waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Notwithstanding this waiver, the Court has conducted a *de novo* review of the Report and Recommendation, and finds it to be well reasoned and its conclusions well founded. Specifically, even liberally construing the complaint and permissible supporting documents, *see* Dkt. 59 at 4-8, the Court agrees that the procedural due process claim against all three Defendants is properly dismissed, *see id.* at 8-10, and that the substantive due process claim against Park and the City is properly dismissed, *see id.* at 10-12.

The Court further explains why *sua sponte* dismissal of the procedural due process claim against Ham is appropriate. *Sua sponte* dismissals with respect to a defendant who has neither "entered an appearance" nor "join[ed] in the motion to dismiss" are appropriate where "the issues concerning" the non-moving defendant "are substantially the same as those concerning the other defendants" and the opposing party "had notice and a full opportunity to make out his claim" against that non-moving defendant. *Hecht v. Com. Clearing House, Inc.*, 897 F.2d 21, 26 n.6 (2d Cir. 1990); *see also, e.g.*, *Vekaria v. Mthree Corp. Consulting, Ltd.*, No. 22 Civ. 3197 (JPC), 2024

WL 4337542, at *18 (S.D.N.Y. Sept. 27, 2024).    A magistrate judge's Report and Recommendation and the resulting period for objections constitute notice and an opportunity to be heard.  *E.A. Sween Co. v. A&M Deli Express Inc.*, 787 F. App'x 780, 782 (2d Cir. 2019); *see also Avila v. Acacia Network, Inc.*, No. 23 Civ. 7834 (PAE), 2025 WL 2233987, at *3 n.2 (S.D.N.Y. Aug. 6, 2025).  And here, the reason for denying the procedural due process claim—that Plaintiff failed to allege that he availed himself of the appeal procedures made available to him—applies to all three Defendants.  *See* Dkt. 59 at 8-10.  So *sua sponte* dismissing that claim against Ham is proper.  The Court makes clear, however, that such a dismissal applies only to the procedural due process claim; there is still a live substantive due process claim against Ham.

The Court therefore adopts the Report and Recommendation in its entirety and (1) dismisses the procedural and substantive due process claims against Defendants Molly Park and the City of New York without prejudice; (2) dismisses the procedural due process claim against Defendant Kirsis Ham without prejudice; and (3) grants leave to amend.  Plaintiff has fourteen days from the date of this Order to amend his complaint to address the pleading deficiencies noted by Judge Willis.  If Plaintiff fails to file an amended complaint within fourteen days, and without showing good cause to excuse such failure in advance of that deadline, the Court will order the above dismissals with prejudice.  Plaintiff is also reminded that an amended complaint would completely replace—not supplement—his existing complaint, so any allegations and documents that he would like the Court to consider at the pleading stage should be alleged in or attached to the new complaint. The Clerk of Court is respectfully directed to close Docket Number 14.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

      SO ORDERED.

Dated: August 14, 2025
     New York, New York

                                JOHN P. CRONAN
                       United States District Judge