**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
MAURICE NEWMAN,

Plaintiff,

-against-

MOLLY PARK *et al.*,

Defendants.
---------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

**24-CV-6829 (JPC) (JW)**

**To the Honorable John P. Cronan, United States District Judge:**

*Pro se* Plaintiff Maurice Newman, proceeding *in forma pauperis*, seeks damages and injunctive relief under the Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 against Defendants Molly Park, Kirsis Ham, and the City of New York (collectively, the "Defendants").

The Court recommended granting Defendant Molly Park and the City of New York's (collectively, "City Defendants") motion to dismiss the original complaint with leave to amend, which was adopted in full by Judge Cronan. See Dkt. No. 59 ("July R&R"); Dkt. No. 61. Plaintiff filed a first amended complaint shortly after the adoption of the July R&R. Dkt. No. 62 ("FAC").

Now before this Court is City Defendants' motion to dismiss the FAC. Dkt. Nos. 14–15. As City Defendants contend, the FAC does not correct the deficiencies identified in the Court's July R&R. Accordingly, this Court recommends City Defendants' motion to dismiss be **GRANTED**, this time without further leave to amend. The Court also recommends that the procedural due process claims against Defendant Ham, who has yet to appear in this matter, be **DISMISSED** *sua sponte.*

**PROCEDURAL HISTORY**

Plaintiff brought this action *pro se* on September 4, 2024. Dkt. No. 1. Plaintiff requested to proceed *in forma pauperis*, which was granted. Dkt. No. 5. The complaint asserted claims arising from alleged violations of the Fifth and Fourteenth Amendments under 42 U.S.C. § 1983 against Defendants Molly Park and Kirsis Ham. By order dated October 8, 2024, this Court added the City of New York as a Defendant in this matter.

On July 29, 2025, this Court recommended that City Defendants' motion to dismiss be granted, that any procedural due process claims against Defendant Ham be dismissed *sua sponte*, and Plaintiff be granted leave to amend. See July R&R. Judge Cronan adopted the July R&R in full, reminding Plaintiff "that an amended complaint would completely replace—not supplement—his existing complaint, so any allegations and documents that he would like the Court to consider at the pleading stage should be alleged in or attached to the new complaint." Dkt. No. 61.

On August 25, 2025, Plaintiff filed the operative FAC against Defendants Molly Park, Kirsis Ham, and City of New York.[1] Dkt. No. 62. On October 10, 2025, City Defendants filed a motion to dismiss Plaintiff's FAC. Dkt. No. 69. On October 8, 2025, Plaintiff filed an opposition to City Defendants' motion to dismiss

[1] While Defendant City of New York was not listed in the caption of the FAC, Plaintiff clarified in his Opposition that Defendant City of New York was a party in his FAC. See Dkt. No. 72 ("Although Plaintiff originally captioned the action against Commissioner Park, the law is clear that a suit against a Commissioner in her official capacity is a suit against the municipal itself.").

("Opposition"). Dkt. No. 72 ("Opp."). On October 22, 2025, City Defendants filed a reply. Dkt. No. 74. The Court considers City Defendants' motion fully briefed.

## BACKGROUND

The Court assumes familiarity with the facts as detailed in the Court's July R&R and therefore only summarizes facts relevant to the instant motion. The following facts are from the FAC, Plaintiff's Opposition and attached documents. They are assumed true for the purposes of this motion. See Brown v. Twitter, Automattic Inc., No. 19 Civ. 6328 (KPF), 2021 WL 3887611, at *6 n.8 (S.D.N.Y. Aug. 31, 2021) ("The Court will consider new factual allegations in Plaintiff's briefing where they are consistent with the operative pleadings."); Voltaire v. Westchester Cnty. Dep't of Soc. Servs., No. 11 Civ. 8876 (CS), 2016 WL 4540837, at *3 (S.D.N.Y. Aug. 29, 2016) ("[A] court is permitted to consider factual allegations in *pro se* plaintiffs' preceding complaints in order to supplement those in amended complaints.").

Plaintiff is a recipient of public benefits from the New York City Human Resources Administration ("HRA"). See generally FAC. In connection with receiving HRA benefits, Plaintiff attended medical appointments conducted by WeCare professionals. Id. at 3.

On August 26, 2024, Plaintiff initially refused to attend a mandatory medical assessment with WeCare, but "was coerced into compliance under threat of losing HRA benefits." Id. On August 27, 2024, Plaintiff attended an appointment with WeCare supervisor Defendant Ham. Id. Defendant Ham diagnosed Plaintiff with

severe asthma/COPD, which was different from the diagnosis of restrictive lung disease, which a separate doctor made when Plaintiff applied for social security disability insurance. Id. at 3–4.

A document attached to the FAC titled "assessment outcome" provides that Defendant Ham's "functional capacity outcome" determined Plaintiff possessed the capacity to work reduced hours with the following accommodations:

> Sedentary work. Indoor job with good ventilation. Avoid dust, noxious fumes, chemicals, and extremes in temperature. Low stress environment. Back support in chairs/adjustable chairs. No unprotected heights. Avoid the use of motorized equipment.

Id. at 23. Plaintiff states that because of Defendant Ham's assessment, he was "mandated to participate in a work program beyond his physical capabilities," and that his "failure to comply would result in termination of Plaintiff's food, shelter, and medical benefits." Id. at 4.

As for Defendant Park, then the Commissioner of HRA, Plaintiff alleges that "Park's policies and customs created a system in which individuals like Plaintiff are coerced into unlawful medical assessments and lose benefits without proper notice or hearing." Id. Plaintiff further asserts that Park's office "has been using the same style and methodology to violate [his] due process rights continuously." Id. at 5.

Plaintiff is seeking compensatory damages, punitive damages against individual defendants, and injunctive relief "barring HRA/WeCare from imposing unauthorized medical assessments without consent," "[o]rder policy reforms to

ensure due process protections," "[p]ay owed money for rent assistance," and other relief the Court deems proper. Id. at 7–8.

## LEGAL STANDARD

### A. Rule 12(b)(6) standard

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." Johnson v. Priceline.com, Inc., 711 F.3d 271, 275 (2d Cir. 2013) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). For a plaintiff "to nudge their claims across the line from conceivable to plausible, they must raise a reasonable expectation that discovery will reveal evidence of the wrongdoing alleged, even if it strikes a savvy judge that actual proof of those facts is improbable." Citizens United v. Schneiderman, 882 F.3d 374, 380 (2d Cir. 2018) (cleaned up).

"Although the Court must accept as true the factual allegations in the complaint and draw all inferences in the plaintiff's favor, it need not accept as true legal conclusions couched as factual allegations." Shih v. Broadway League, No. 23 Civ. 8035 (JPC) (RWL), 2024 WL 4719586, at *3 (S.D.N.Y. Nov. 8, 2024) (cleaned up) (internal quotation and citations omitted).

### B. *Pro se* litigants

Courts "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017). "The policy of liberally construing *pro se* submissions is driven by the understanding that implicit in the

right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." Id. (quoting Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007)).

However, the liberal treatment of a *pro se* pleading "is not boundless" as it must still comply with the relevant rules of procedural and substantive law. Bocci v. Nationstar Mortg. LLC, No. 23 Civ. 1780 (JPC) (KHP), 2024 WL 4326932, at *4 (S.D.N.Y. Sept. 27, 2024) (citations omitted). Moreover, while courts are "obligated to draw the most favorable inferences that plaintiff's complaint supports, we cannot invent factual allegations that [a *pro se* plaintiff] has not pled." Costabile v. New York City Health & Hosps. Corp., 951 F.3d 77, 81 (2d Cir. 2020); Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

## DISCUSSION

Reading the FAC and Opposition in the light most favorable to *pro se* Plaintiff, Plaintiff alleges a procedural due process claim and a Section 1983 claim regarding substantive due process and retaliation. The Court will address each claim City Defendants seek to dismiss in turn.

### A. Procedural due process claims

"When determining whether a person has been deprived of procedural due process, 'the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts. If so, there will be no claim before the federal court, whether or not plaintiff took advantage of the state

procedure.'" Rodriguez v. HASA HRA, No. 24 Civ. 6451 (LTS), 2025 WL 1122529, at *6 (S.D.N.Y. Apr. 14, 2025) (citing Vialez v. New York City Hous. Auth., No. 89 Civ. 8356 (DNE) (SEG), 783 F. Supp. 109, 114 (S.D.N.Y. 1991)). "Access to an administrative fair hearing, under N.Y. Soc. Serv. Law § 22 and 18 N.Y.C.R.R. Ch. II, Subch. B, Art. 1, pt. 358, and further judicial review in the state courts, in a proceeding under N.Y.C.P.L.R. Art. 78, to challenge adverse determinations in connection with government entitlement programs, such as SNAP (food stamps), medical assistance, or cash assistance, satisfies procedural due process." Id. (collecting cases). Where a plaintiff fails to affirmatively allege exhaustion of the available remedies, such as pursuing an administrative fair hearing, dismissal is required. Rodriguez, 2025 WL 1122529, at *7; Rodriguez v. N.Y. State Dep't of Parole, No. 19 Civ. 643 (JLC) (VEC), 2019 WL 6973568, at *14 (S.D.N.Y. Dec. 20, 2019), report and recommendation adopted, 2020 WL 257420 (S.D.N.Y. Jan. 17, 2020).

Further, "[u]nder New York law, access to postdeprivation process such as a fair hearing pursuant to N.Y. Soc. Serv. Law § 22 and 18 N.Y.C.R.R. § 358, and the availability of further review in the state courts in an Article 78 proceeding have been found to be constitutionally adequate procedures to challenge adverse determinations in connection with government entitlement programs." Harris, 2019 WL 2287715, at *3 (citations omitted).

Here, Plaintiff asserts, for the first time in his Opposition, that on August 29, 2024, he exhausted his remedies by submitting a complaint for a fair hearing to the New York State Office of Temporary and Disability Assistance ("OTDA") and that

"the agency reevaluated its position prior to scheduling [the] hearing." Opp. at 12–13. Defendant counters that even if true, Plaintiff still fails to allege a procedural due process violation because there were meaningful post-deprivation remedies available under state law that Plaintiff did not pursue. Dkt. No. 74 at 6.

The Court agrees with Defendants. Here, although Plaintiff asserts that he submitted a complaint for a fair hearing to OTDA, Plaintiff fails to plead "that []he sought review of the matters in state court through Article 78 proceedings, which is a process that is available to [him]." Harris v. Yonkers Dep't of Soc. Servs., No. 16 Civ. 4626 (LLS), 2019 WL2287715 (S.D.N.Y. 2019) (internal citation omitted). And "[b]ecause Plaintiff can file an Article 78 proceeding in state court regarding this matter, see N.Y.C.P.L.R. § 7801 *et seq.*, []he fails to state a claim for denial of due process." Id.

Consequently, this Court recommends that City Defendants' motion to dismiss the procedural due process claim be **GRANTED**. Further, and as stated in the July R&R, "[b]ecause allegations that Plaintiff pursued an administrative fair hearing or other sufficient proceeding are required to state a procedural due process claim (see Rodriguez, 2025 WL 1122529, at *7; Rodriguez, 2019 WL 6973568, at *14), and Plaintiff failed to assert such allegations, this Court recommends that the procedural due process claim against Defendant Ham be **DISMISSED** *sua sponte*." July R&R at 10.

### B. Section 1983 claims against Defendant Park

"It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013). See also Burton v. City of N.Y., No. 21 Civ. 6928 (JPC), 2021 WL 4924026, at *1 (S.D.N.Y. Oct. 21, 2021) (citing Spavone v. N.Y. State Dep't of Corr. Serv., 719 F.3d 127, 135 (2d Cir. 2013) ("To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendant['s] direct and personal involvement in the alleged constitutional deprivation."). "A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights." Id. (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).

Here, even reading the FAC and Opposition to raise the strongest arguments they suggest, Plaintiff fails to plead any allegations that Defendant Park was personally involved in the alleged constitutional harm. For instance, the FAC merely asserts that Defendant Park is "responsible for the policies, practices, and oversight of her office," that Plaintiff gave her office "legal notice . . . by way of emailing the NYC mayor," and that "Defendant Park's office" had access to Plaintiff's medical documentation yet failed to properly review them. FAC at 4; Opp. at 3. These bare conclusions are not enough to allege that Defendant Park was personally involved in the alleged constitutional harm. Thus, this Court recommends that City Defendants'

motion to dismiss Section 1983 claims against Defendant Park be **GRANTED** for failure to state a claim.

### C. 1983 claims against Defendant City of New York

To state a Section 1983 claim against the City of New York, a plaintiff must adequately plead "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Torraco v. Port Auth. of N.Y. & N.J., 615 F.3d 129, 140 (2d Cir. 2010); Jones v. Town of E. Haven, 691 F.3d 72, 80 (2d Cir. 2012).

The July R&R put Plaintiff on notice of these standards. Yet Plaintiff failed to cure the defects, and his FAC does not allege that Defendant City of New York had a policy, custom, or practice that violated his constitutional rights. Plaintiff asserts that the City of New York's "continued reliance on untrained personnel, its disregard for corrective training measures, and its tolerance of repeated due process violations" establishes an official policy or custom. Dkt. No. 72 at 8. But without more specific allegations, these conclusory statements do not pass Rule 12(b)(6)'s muster.

As discussed more fully in the July R&R, even assuming *arguendo* that Plaintiff adequately pled an official custom or policy of mandating medical and work eligibility assessments, Plaintiff's section 1983 claim against the City of New York still fails for failure to plead the denial of a constitutional right. See Sawma v. Perales, 895 F.2d 91, 93 (2d Cir. 1990) ("a requirement of a medical examination as a condition of receiving benefits is self-evidently constitutional in view of the state's legitimate interest in allocating public assistance resources.").

As such, this Court recommends that City Defendants' motion to dismiss all Section 1983 claims against Defendant City of New York be **GRANTED**.

## LEAVE TO AMEND

"Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 201 (2d Cir. 2007). "Leave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). However, "[o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion." Jin v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d Cir.2002).

In this Circuit, "a *pro se* complaint generally should not be dismissed without granting the plaintiff leave to amend at least once." Grullon, 720 F.3d at 140. Here, Plaintiff has already amended with the benefit of the Court's July R&R, which explained what was needed to cure the defects in his case, to no avail. See Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n, 898 F.3d 243, 257-58 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first. Simply put, a busy district

court need not allow itself to be imposed upon by the presentation of theories seriatim.") (cleaned up).

Further, Plaintiff has not asked to amend again or otherwise suggested that he is in possession of facts that would cure the deficiencies identified in this recommendation. See e.g., TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014) (holding that plaintiff need not be given leave to amend if plaintiff fails to specify how amendment would cure the pleading deficiencies in the complaint); Brown v. N.Y.C. Dep't of Educ., No. 20 Civ. 2424 (VEC), 2022 WL 4364600, at *4 n.3 (S.D.N.Y. Sept. 21, 2022) (denying leave to amend where *pro se* plaintiff did not provide additional facts to cure identified deficiencies); see also Todd v. Fields, No. 20 Civ. 3608, 2022 WL 596829, at *6 (S.D.N.Y. Feb. 25, 2022) ("While courts should be more lenient when considering a *pro se* party's motion to amend than when considering that of a represented party, . . . leave to amend is properly denied where all indications are that the *pro se* plaintiff will be unable to state a valid claim.").

Accordingly, the Court recommends **DECLINING** to grant Plaintiff leave to amend.

## RECOMMENDATION

For the foregoing reasons, this Court recommends that City Defendants' motion to dismiss the FAC be **GRANTED** in full, that all claims against City Defendants be **DISMISSED**, that any procedural due process claims against Defendant Ham be **DISMISSED** *sua sponte*, and that the Court **DECLINE** leave to amend.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections shall be filed with the Clerk of Court and on ECF. Any requests for an extension of time for filing objections must be directed to Judge Cronan. **Failure to file objections within fourteen days will result in a waiver of objections and will preclude appellate review**. See Thomas v. Arn, 474 U.S. 140 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

SO ORDERED.

DATED: New York, New York
July 24, 2026

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge