UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAURICE NEWMAN,<br><br>Plaintiff,<br><br>-v-<br><br>MOLLY PARK *et al.*,<br><br>Defendants. | 24 Civ. 6829 (JPC) (JW)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

JOHN P. CRONAN, United States District Judge:

Plaintiff Maurice Newman brings this *pro se* action alleging that Molly Park, Commissioner of the New York City Department of Social Services and its Human Resources Administration; the City of New York; and Kirsis Ham violated his procedural and substantive due process rights under the Fourteenth Amendment and retaliated against him. Dkt. 62 (Amended Complaint). On July 24, 2026, the Honorable Jennifer E. Willis, to whom this case has been referred for general supervision of pretrial proceedings and to issue recommendations on any dispositive motions, issued a Report and Recommendation, recommending that the undersigned (1) fully dismiss Plaintiff's Amended Complaint against Park and the City without leave to amend, and (2) dismiss Plaintiff's procedural due process claim against Ham *sua sponte*.[1] Dkt. 102 ("R&R") at 1, 12.

[1] Ham was served on April 17, 2025, but has not appeared and did not answer the complaint by the relevant deadline. *See* Dkt. 61 (order adopting first Report and Recommendation) at 1 n.1 (citing Dkt. 49). As the undersigned previously explained, *sua sponte* dismissal of a claim against a non-appearing defendant is appropriate where, as here, "the reason for denying the procedural due process claim . . . applies to all . . . Defendants" and the plaintiff has been given "notice and a full opportunity to make out his claim" against the non-appearing defendant through "[a]

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, the Court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object and preclude appellate review. R&R at 13. The Report and Recommendation was electronically served on the parties on July 24, 2026. No objections have been filed and the time for making any objections has passed. The parties have therefore waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Notwithstanding this waiver, the Court has conducted a *de novo* review of the Report and Recommendation, and finds it to be well reasoned and its conclusions well founded. Accordingly, the Court adopts the Report and Recommendation in its entirety. All claims against Park and the City are dismissed with prejudice and without leave to amend.[2] Plaintiff's procedural due process claim against Ham is dismissed with prejudice and without leave to amend. Because, however,

magistrate judge's Report and Recommendation and the resulting period for objections." *Id.* at 2-3 (internal quotation marks omitted).

[2] Because the City is no longer a Defendant in this case in light of this Order, Plaintiff's follow-on motions against that Defendant, Dkts. 87, 98, are denied without prejudice as moot.

the substantive due process and retaliation claims against Ham remain live, should Plaintiff wish to pursue those claims, he must seek a Certificate of Default as to Ham under Local Civil Rule 55.1 by September 2, 2026.

The Clerk of Court is respectfully directed to close Docket Numbers 69, 87, and 98, and to terminate Defendants Molly Park and the City of New York from the docket.

SO ORDERED.

Dated: August 19, 2026
New York, New York

JOHN P. CRONAN
United States District Judge