UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MAURICE NEWMAN,<br><br>Plaintiff,<br><br>-v-<br><br>MOLLY PARK, *et al.*,<br><br>Defendants. | : | 24 Civ. 6829 (JPC) (JW)<br><br>ORDER |

JOHN P. CRONAN, United States District Judge:

On August 27, 2026, Plaintiff Maurice Newman moved for an extension of time to serve Defendant Kirsis Ham. Dkt. 108. On September 3, 2026, Magistrate Judge Jennifer E. Willis denied that motion, concluding that (i) Plaintiff had missed the deadline to serve Ham by more than nine months and without good cause; and (ii) in any event, Plaintiff's sole surviving claims against Ham lacked merit. Dkt. 109 at 2. Judge Willis's order was electronically served on Plaintiff that same day.

Under Federal Rule of Civil Procedure 72(a), Plaintiff had fourteen days to object to Judge Willis's order. *See* Fed. R. Civ. P. 72(a) (explaining that "[a] party may serve and file objections to [a non-dispositive] order within 14 days after being served with a copy [of it]"). Furthermore, "a *pro se* litigant who fails to object timely to a magistrate's order on a non-dispositive matter waives the right to appellate review of that order, even absent express notice from the magistrate judge that failure to object within [fourteen] days will preclude appellate review." *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008); *see* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to."). Plaintiff has therefore waived any

right to challenge Judge Willis's non-dispositive order denying his motion for an extension. Furthermore, even if the Court were to review Judge Willis's order, it would agree that Plaintiff long missed the deadline to serve Ham and has not shown good cause for failing to timely serve. *See AIG Managed Mkt. Neutral Fund v. Askin Cap. Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000) ("The plaintiff bears the burden of proof in showing that it had good cause in not timely serving the defendant.").

"If a defendant is not served within 90 days after the complaint is filed," the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). A plaintiff can avoid dismissal by showing "good cause for the failure," *id.*, which as discussed, Plaintiff has not shown as to Ham. The Court therefore "must dismiss" Plaintiff's remaining claims against Ham without prejudice. Fed. R. Civ. P. 4(m).

The Clerk of Court is respectfully directed to enter judgment in favor of Defendants and to close this case.

SO ORDERED.

Dated: September 21, 2026
New York, New York

JOHN P. CRONAN
United States District Judge